IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01740–CMA–KMT

KATIE BROWN,

    Plaintiff,

v.

JAMI FRYER,
ROBERT FRYER,
CINCINNATI INSURANCE COMPANY, and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendants.

---

**ORDER**

---

    This matter is before the court on "Plaintiff's Motion to Amend Scheduling Order." (Doc. No. 23, filed Nov. 30, 2012.) Defendant Cincinnati Insurance Company (hereinafter "CIC"), the only party to object to Plaintiff's Motion, filed its Response on December 7, 2012. (Doc. No. 26). For the following reasons, Plaintiff's Motion is GRANTED in part.

    Plaintiff seeks to extend the Scheduling Order's (Doc. No. 22) deadline for joinder of parties and amending the pleadings to 30 days from the date that CIC provides Plaintiff with its Fed. R. Civ. P. 26(a)(1)(A)(ii) disclosure documents and discovery responses. Plaintiff suspects that there may be grounds to support a claim for punitive damages against CIC, but needs these documents to verify that there is evidentiary support for such a claim.

In its Response, CIC maintains that discovery is not "allowed" at this time, and that therefore it is not required to produce its disclosure documents or any other discovery, because it has filed a motion to dismiss. CIC's position is plainly incorrect. Notably, CIC does not cite to a single decision from this District (or the Tenth Circuit) to support its position that discovery is somehow automatically stayed—notwithstanding the entry of a scheduling order—while a Rule 12(b)(6) motion to dismiss is pending. That is because it is beyond cavil in this district that discovery should proceed unabated after the entry of a scheduling order, unless the court has entered, on an appropriate motion, an order staying discovery. *See, e.g., Fancher v. Bank of Am., N.A.,* 12-cv-00340-MSK-KMT, 2012 WL 5187794, at *2 (D. Colo. Oct. 19, 2012) (denying a *motion* to stay discovery supported by the fact that a Rule 12(b)(6) motion to dismiss was pending as contrary to the disfavored status of stays in this District, and because of the effect such a stay would have on the court's ability to manage its docket).

CIC has not sought, nor has the court otherwise entered, a stay of discovery. Therefore, CIC lacked any justification for withholding the documents it was required to disclosed under Rule 26(a)(1)(A)(ii). As such, because CIC's improper withholding of these documents constitutes the grounds for Plaintiff's proposed extension of deadline for amending the pleadings

and joinder of parties, the court finds that Plaintiff has shown "good cause" to modify this deadline. *See* Fed. R. Civ. P. 16(b)(4).

Therefore, it is

ORDERED that "Plaintiff's Motion to Amend Scheduling Order" (Doc. No. 23) is GRANTED in part. The deadline for joinder of parties and amendment of pleading is extended to January 21, 2013.

It is further

ORDERED that, no later than December 21, 2012, CIC shall produce to Plaintiff any outstanding Rule 26(a)(1)(A)(ii) initial disclosure documents, as well as any other documents it has withheld from production on grounds that discovery is not "allowed" until after ruling on CIC's motion to dismiss.

Dated this 12th day of December, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge