IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01740–CMA–KMT

KATIE BROWN,

    Plaintiff,

v.

JAMI FRYER,
ROBERT FRYER,
CINCINNATI INSURANCE COMPANY, and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendants.

---

## ORDER

---

This matter is before the court on "Plaintiff's Motion for Privilege Determination" (Doc. No. 39, filed Jan. 15, 2013 [Mot. Priv. Determination]) and "Plaintiff's Second Motion to Amend Scheduling Order" (Doc. No. 40, filed Jan. 15, 2013 [Mot. Am.]). Defendants Jami and Robert Fryer ("the Fryers") filed responses to Plaintiff's Motions on February 5, 2013. (Doc. No. 47 [Fryer Resp. Mot. Priv. Determination] & Doc. No. 48 [Fryer Resp. Mot. Am.]). Defendant Cincinnati Insurance Company ("CIC") filed a response to Plaintiff's Motion to Amend the Scheduling Order on February 5, 2013 (Doc. No. 49 [CIC Resp. Mot. Am.]) and an

amended[1] response to Plaintiff's Motion for Privilege Determination on February 6, 2013 (Doc. No. 50 [CIC Resp. Mot. Priv. Determination]).  Plaintiff filed replies to Defendants' responses on February 14, 2013.  (Doc. Nos. 53–55.)  For the following reasons, Plaintiff's Motion for Privilege Determination is denied and Plaintiff's Motion to Amend the Scheduling Order is granted in part and denied in part.

### A. *Motion for Privilege Determination*

Plaintiff's Motion for Privilege Determination seeks to have the court conduct an *in camera* review of documents produced by CIC to Plaintiff to determine whether CIC's production includes privileged documents.  As background, on December 21, 2012, CIC produced its Fed. R. Civ. P. 26(a)(1) initial disclosures to Plaintiff on a CD, which contained over 2,400 documents.  In the course of reviewing those documents, Plaintiff's counsel's paralegal discovered potentially privileged documents that may have been inadvertently produced.  Without discussing the contents of those documents, Plaintiff's counsel's paralegal notified Plaintiff's counsel, R. Craig Ewing, of the potential problem and immediately ceased reviewing the documents.  On January 4, 2013, Mr. Ewing notified CIC's counsel, Wendelyn Walberg, and Defendants Jami and Robert Fryer's counsel, James Powers, that the potentially privileged documents had been disclosed and asked for a new disk that did not contain any potentially privileged documents.

---

[1] CIC's original response was filed on February 5, 2013.  (Doc. No. 46.)

CIC's counsel sent a new CD on January 10, 2013. However, during a January 11, 2013 telephone call, Mr. Powers informed Mr. Ewing that he believes the new CD still contains privileged documents. In light of the conflicting opinions between Ms. Walberg and Mr. Powers as to whether the new CD contains privileged documents, Mr. Ewing did not open the envelope containing the new CD and mailed it back to Ms. Walberg. In support of that decision, Mr. Ewing points to Colorado Bar Association Ethics Committee Formal Opinion 108, which outlines the duties of a lawyer when he or she receives from an adverse party or an adverse party's lawyer, documents that are privileged and were inadvertently disclosed.[2] As such, Plaintiff now seeks to have the court conduct an *in camera* review of the CD returned to CIC's counsel to determine whether the documents in question are or are not privileged.

---

[2] Formal Opinion 108 provides, in pertinent part:

> In the situation where a party or a sending lawyer inadvertently discloses to an adverse party or an adverse party's lawyer documents that on their face appear to be privileged or confidential, the Committee concludes that the receiving lawyer, upon recognizing their privileged or confidential nature, has an ethical duty to notify the sending lawyer that he or she has the documents. Although the only ethical obligation of the receiving lawyer in this situation is to give notice, other considerations also come into play, including professionalism and the applicable substantive and procedural law. Once the receiving lawyer has notified the sending lawyer, the lawyers may, as a matter of professionalism, discuss whether waiver of privilege or confidentiality has occurred. In some instances, the lawyers may be able to agree on how to handle the matter. If this is not possible, then the sending lawyer or the receiving lawyer may seek a determination from a court or other tribunal as to the proper disposition of the documents, based on the substantive law of waiver.

Colo. Bar Ass'n Ethics Comm., *Formal Opinion 108*: *Inadvertent Disclosure of Privilege or Confidential Documents,* available at http://www.cobar.org/page.cfm/ID/22347.

Under the circumstances presented, the court declines to conduct an *in camera* review. *In camera* review is appropriate where there is a "'factual basis adequate to support a good faith belief by a reasonable person' that *in camera* review of the materials may reveal evidence to establish the claim that the attorney client privilege <u>does not protect</u> all of the documents in the file." *People v. Madera,* 112 P.3d 688, 690 (Colo. 2005) (quoting *United States v. Zolin,* 491 U.S. 554, 572 (1989)) (emphasis added). Here, Plaintiff seeks *in camera* review for precisely the opposite reason—to determine whether the attorney-client privilege <u>does</u> protect documents contained in the claims file produced by CIC. The attorney-client privilege, however, is "personal with the client" and therefore may be asserted or waived only by the client. *Losavio v. District Court,* 533 P.2d 32, 35 (Colo. 1975). As such, Defendants,[3] rather than Plaintiff, are the

---

[3] It is unclear to the court whether CIC or the Fryers, or both, may be entitled to assert that the documents in question are subject to the attorney-client privilege. It appears that the potentially privileged documents may be communications between Mr. Powers and CIC. More specifically, after Plaintiff filed a claim with CIC, Mr. Powers was retained by CIC to "assist in gathering medical records concerning plaintiff's injuries and to evaluate liability issues and the nature, extent and value of plaintiff's injuries." (Fryers Resp. Mot. Priv. Determination, ¶ 3.) As a result, CIC's "claim files contain communications from Mr. Powers addressing and analyzing those issues." (*Id.*)

Nevertheless, it is conceivable that, in the course of conducting his investigation, Mr. Powers communicated with the Fryers. Under certain circumstances, an insured's communications with its insurance company's investigator may fall within the attorney-client privilege. *See Bellmann v. District Court,* 531 P.2d 632 (Colo. 1975); *but see Kay Labs., Inc. v. District Court,* 653 P.2d 721, 723 (Colo. 1982) (holding that the attorney-client relationship between the insurance company must exist at the time the documents are created for the privilege to apply, and overruling *Bellmann* to the extent that it suggested otherwise). Ultimately, the court need not resolve which defendants, if any, are entitled to assert the attorney-client privilege with respect to the documents in question because <u>neither</u> the Fryers or CIC seek to have the court conduct an *in camera* privilege review and neither is requesting claw back of the documents produced.

only parties who may assert that the documents in question are privileged. Notably, both the Fryers and CIC have opposed the request for *in camera* review of the documents produced by CIC. As such, because the only parties who may assert the attorney-client privilege have not requested the court's intervention, there is no actual controversy for the court to resolve.

Further, in light of the fact that neither the Fryers or CIC seek to have the court conduct an *in camera* privilege review of CIC's initial disclosures, the court finds that the documents have not been inadvertently disclosed. Thus, it appears to this court that Mr. Ewing has discharged his ethical obligations under Formal Opinion 108. Altogether, the court sees no reason to conduct an *in camera* review of the documents in question and, accordingly, will deny Plaintiff's Motion for Privilege Determination.

### B.   *Motion to Amend the Scheduling Order*

Plaintiff seeks to extend (1) the deadline for Plaintiff to designate experts, and (2) the deadline for joinder of parties and amendment of pleadings, based on Mr. Ewing's belief that his ethical obligations prevented him, or Plaintiff's potential expert(s), from reviewing CIC's initial disclosures. As to Plaintiff's request to extend the deadline for her expert disclosures, it appears that Plaintiff served her expert disclosures prior to the existing deadline of January 25, 2013. (Fryer Resp. Mot. Am. ¶ 2; Reply Mot. Am., ¶ 2.) As such, Plaintiff's request to extend the expert disclosures deadline is moot. To the extent that Plaintiff seeks to amend the Scheduling Order to allow her to supplement and/or amend the expert disclosures she filed on January 25, 2013 after her attorney and expert have reviewed CIC's initial disclosures (Reply Mot. Am. ¶ 7), the court notes that Fed. R. Civ. P. 26(a)(2)(E) and 26(e) permit, and in fact require, a party to

supplement their expert disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e). Thus, a modification of the Scheduling Order for this purpose is unnecessary.

The court will grant Plaintiff's requested extension of the deadline for joinder of parties and amendment of pleadings. That deadline passed without Plaintiff seeking to amend her complaint to add a claim for punitive damages primarily because her counsel, Mr. Ewing, believed his ethical obligations prevented him from reviewing CIC's initial disclosures. Mr. Ewing took that position in good faith. As such, the court finds that Plaintiff has demonstrated good cause for an extension of 30 days from the date of this order for the deadline for joinder of parties and amendment of pleadings. *See also Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (The purpose of Rule 15, which governs amendment of the pleadings, is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.") (citation and internal quotation marks omitted).

Therefore, for the foregoing reasons, it is

ORDERED  "Plaintiff's Motion for Privilege Determination" (Doc. No. 39) is DENIED. It is further

ORDERED that "Plaintiff's Second Motion to Amend Scheduling Order" (Doc. No. 40)

is GRANTED in part and DENIED in part.  The Deadline for Joinder of Parties and Amendment of Pleadings is extended to April 12, 2013.

Dated this 13th day of March, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge